UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  11-cv-23669  JEM

YAUMARY MYRICK,

              Plaintiffs,

vs.

UNIQUE MANAGEMENT SERVICES, INC.,
d/b/a UNIQUE NATIONAL COLLECTION,

              Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, UNIQUE MANAGEMENT SERVICES, INC., hereby answers Plaintiff's Complaint as follows:

1.     In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. 559.55 *et seq.* ("FCCPA").  Defendant denies it has violated the FDCPA or the FCCPA, and denies that it is liable to Plaintiff.  All other allegations are denied.

## JURISDICTION

2.     In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within this Court.  Defendant specifically denies that jurisdiction exists under 28 U.S.C. § 1337.  All other allegations are denied.

3.     Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.     In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within this venue.  Defendant is without knowledge as to

Plaintiff's residence.  Defendant is further without knowledge of Plaintiff and never attempted to communicate or contact Plaintiff.  All other allegations are denied.

## PARTIES

5.      Defendant is without knowledge as to the allegations contained in Paragraph 5 of the Complaint, and therefore, denies same.

6.      In response to the allegations in Paragraphs 6, 7, and 8, of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA. Defendant further admits that it uses the mail and telephone and admits that its business includes collecting amounts owed; but it is without knowledge as to whether the underlying amount at issue is a "debt" as defined by the FDCPA, and therefore denies all allegations that it is a "debt collector" or that it was attempting to collect a consumer "debt" from Plaintiff.  Defendant admits that it has an office in Miami.  All other allegations are denied.

7.      Defendant denies the allegations in Paragraph 9 of the Complaint, and is without knowledge of any amount owed or contended to be owed by Plaintiff.

## FACTUAL ALLEGATIONS

8.      In response to the vague allegations of the allegations in Paragraph 10 of the Complaint, Defendant can neither admit nor deny the allegations as phrased, as they are not specific to any transaction of communication.   Further answering, Defendant is without knowledge as to any account where it was or is contended that Plaintiff owed anything.

9.      Defendant is without knowledge as to the allegations as phrased in Paragraph 11 of the Complaint, and therefore, denies the allegations as phrased.  Defendant denies that any account was ever assigned to it for collection from Plaintiff, or that Defendant ever communicated with or about Plaintiff in any manner.

2

10.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

13.     Defendant is without knowledge of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.  Defendant denies it furnished any information to any consumer reporting agency regarding Plaintiff.

14.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## SUMMARY

20.     Defendant denies the allegations contained in Paragraphs 22 of the Complaint.

## TRIAL BY JURY

21.     In response to Paragraph 23 of the Complaint, Defendant admits that Plaintiff requests a trial by jury.

## COUNT 1 – FDCPA - 15 U.S.C. §1692 et seq.

22.     In response to the allegations in Paragraph 24 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 23 of the Complaint.

3

Case No. 11-cv-23669
Answer

23.     Defendant denies the allegations contained in Paragraphs 25 and 26 of the Complaint.   Further answering, the allegations are an improper "shotgun pleading" and improperly seeks to combine separate statutory violations into one count.

### COUNT 2 – FDCPA - 15 U.S.C. § 1692c(b)

24.     In response to the allegations in Paragraph 27 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 26 of the Complaint.  Further answering, the allegations are an improper "shotgun pleading" and improperly seeks to combine separate statutory violations into one count.

25.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

### COUNT 3 – FDCPA - 15 U.S.C. § 1692e(2)

26.     In response to the allegations in Paragraph 29 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 28 of the Complaint.  Further answering, the allegations are an improper "shotgun pleading" and improperly seeks to combine separate statutory violations into one count.

27.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 31 of the Complaint

### COUNT 4 – FDCPA - 15 U.S.C. § 1692e(8) and 1692e(10)

29.     In response to the allegations in Paragraph 32 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 31 of the Complaint.  Further answering, the allegations are an improper "shotgun pleading" and improperly seeks to combine separate statutory violations into one count.

30.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

14547635v1  0928761

## COUNT 5 – FDCPA - 15 U.S.C. §1692f(1)

32.     In response to the allegations in Paragraph 35 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 34 of the Complaint.  Further answering, the allegations are an improper "shotgun pleading" and improperly seeks to combine separate statutory violations into one count.

33.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT 6 – FCCPA - §559.72(9)

35.     In response to the allegations in Paragraph 38 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 37 of the Complaint.  Further answering, the allegations are an improper "shotgun pleading" and improperly seeks to combine separate statutory violations into one count.

36.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.


37.     There is no Count 7.  To the extent that a response is required, all allegations are denied.


## COUNT 8 - FCCPA - §559.75

38.     In response to the allegations contained in Paragraph 40 of the Complaint, the allegations appear to be recitations of a statute, not allegations of fact, and do not appear to require a response.  All allegations are denied.  There is no Fla. Stat. §559.75.  To the extent that Plaintiff meant Fla. Stat. §559.715, Defendant denies that there is an private right of action under the referenced provision Fla. Stat. § 559.715, and further denies an alleged violation of the same.

5

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred or diminished because the damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s).

2.      Defendant states that if it violated the FDCPA or FCCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

3.      Plaintiff fails to state a claim upon which relief may be granted, including but not limited to the alleged violation of Fla. Stat. §559.75 (or §559.715) in count 8, as no private right of action exists, and there is no alleged violation of the provision within the Complaint. Furthermore, Defendant states that Plaintiff fails to state a claim pursuant to the FDCPA because is essentially alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, which precludes furnisher liability without notice of a dispute, which is not alleged.

4.      Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

5.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that the alleged violations occurred outside the 1 and 2 year limitations period of the FDCPA and FCCPA, respectively.

6.      Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

7.      Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

8.      Defendant is entitled to the award of attorneys fees and costs pursuant to 15 U.S.C. § 1692k, 28 U.S.C. §§ 1927, 1920, and Fla. Stat. §559.77, 57.105.

Case No. 11-cv-23669
Answer

WHEREFORE, Defendant, UNIQUE MANAGEMENT SERVICES, INC., respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees  pursuant to 28 U.S.C. §§ 1920, 1927, 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105 in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated: November 4, 2011.


Respectfully submitted,


*s/David P. Hartnett*
David P. Hartnett
Florida Bar No. 0946631
dhartnett@hinshawlaw.com
Hinshaw & Culbertson LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Tel. No. 305-358-7747
Fax No.  305-577-1063

7

Case No. 11-cv-23669
Answer

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 4, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day, in the manner specified above, on all counsel of record identified below.

Andrew I. Glenn, Esquire
Card & Glenn, P.A.
2501 Hollywood Blvd.
Suite 180
Hollywood, FL  33020
Phone:  954 921-9994
Fax:  954 921-9553
E-Mail:  AGlenn@cardandglenn.com
dcard@cardandglenn.com


*s/David P. Hartnett*
David P. Hartnett

8